**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

CORNELL WINSOR PITTS-GREEN,
a/k/a Cornell Winsor Pitts, a/k/a
Cornell Winsor Green,

　　Defendant-Appellant.

No. 21-6111
(5:20-CR-00175-D-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McHUGH**, **BALDOCK,** and **MURPHY**, Circuit Judges.[**]

---

Defendant Pitts-Green pled guilty to one count of being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant's presentence report

(PSR) concluded he was subject to an enhanced statutory sentencing range under 18

U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA). As relevant here, the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

ACCA applies when an individual convicted of violating § 922(g)(1) "has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." The PSR claimed Defendant had three ACCA predicate offenses: (1) a 2000 Oklahoma state conviction for possession of marijuana with intent to distribute, (2) a 2005 Oklahoma state conviction for domestic assault and battery by strangulation, and (3) a 2006 Oklahoma state conviction for possession of unlawful drugs with intent to distribute. The ACCA enhancement increased the statutory range on Defendant's § 922(g)(1) conviction from a maximum sentence of 10 years' imprisonment to a minimum sentence of 15 years' imprisonment.[1] The district court applied the enhancement over Defendant's objection that his prior Oklahoma drug convictions (both for violations of 63 Okla. Stat. § 2-401) did not qualify as predicate offenses under the ACCA. The court sentenced Defendant to 188 months' imprisonment, the low end of the advisory guideline range, and Defendant appealed. We exercise jurisdiction under 18 U.S.C. § 3742(a)(1), and remand to the district court with instructions to vacate Defendant's sentence and resentence him absent the ACCA enhancement.

We review de novo the question of whether Defendant's prior state drug

---

[1] While an enhanced statutory sentencing range may not affect the district court's advisory guideline range calculation, "[n]othing in the Guidelines relieves the district court of its duty to correctly determine the statutory sentencing range" because any sentence must fall within that range. *United States v. Williams*, 48 F.4th 1125, 1138 (10th Cir. 2022) (citing U.S.S.G. §§ 5G1.1-.2).

2

convictions qualify as "serious drug offense[s]" under the ACCA. *United States v. Williams*, 48 F.4th 1125, 1137 (10th Cir. 2022). According to Defendant, neither of his prior Oklahoma convictions for distributing a controlled substance constitute a "serious drug offense" as defined in 18 U.S.C. § 924(e)(2)(A)(ii). That subsection of § 924 defines such offense in relevant part as "an offense under State law, involving . . . distributing, or possessing with intent to . . . distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act [CSA] (21 U.S.C. [§] 802))." Defendant argues the ACCA does not apply to his prior Oklahoma state drug convictions because the state statute under which he was convicted, 63 Okla. Stat. § 2-401, covered hemp, and hemp was not a federally controlled substance *at the time of his federal offense*. In other words, the state statute under which Defendant was convicted in 2000 and 2006 was categorically overbroad, covering hemp, a substance not presently set forth in the federal CSA.[2] The Government counters with the observation that hemp was a federally controlled substance *at the time of his state convictions* and so the state statute is not overbroad. Therefore, the question is whether a district court, in deciding whether a prior state conviction is a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii), must look to (1) the federal drug schedule in effect at the time of the prior state

---

[2] Under the categorical approach mandated by the Supreme Court, a non-divisible state drug statute that includes non-federally controlled substances is overbroad and not categorically a "serious drug offense." *United States v. Cantu*, 964 F.3d 924, 934 (10th Cir. 2020).

conviction, or (2) the federal drug schedule at the time of the instant federal offense.[3]

We need not delay the outcome here. Our recent decision in *Willliams* dictates that we look to the federal drug schedule in effect at the time of the instant federal offense to decide whether a prior state conviction constitutes a "serious drug offense" as that phrase is used in the ACCA. Specifically, *Williams* held that "to determine whether a prior drug offense is categorically overbroad because it is not limited to federally controlled substances, the court must look to the current federal definition of 'controlled substance'—i.e., the definition in effect at the time of the instant federal offense, not at the time of the prior state offense." 48 F.4th at 1133. In other words, "a defendant's prior state conviction is not categorically a 'serious drug offense' under the ACCA if the prior offense included substances not federally controlled at the time of the instant federal offense." *Id.* at 1138.

Accordingly, this case is remanded to the district court with instructions to vacate Defendant's sentence and resentence him consistent with our decision here and in *Williams*.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[3] The federal definition of a controlled substance excluded hemp both when Defendant illegally possessed a firearm and at the time he was sentenced in this case. Thus, this appeal does not require us to decide whether the district court looks specifically to the federal definition at the time of the commission of the instant offense or at the time of sentencing thereon. *See Williams*, 48 F.4th at 1133 n.3.

4